# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| IN RE:<br><br>**NATALIE L. CLARK**<br><br>Debtor. | CASE NO. 16-61558<br><br>CHAPTER 7<br><br>**HON. RUSS KENDIG**<br>**CHIEF BANKRUPTCY JUDGE** |

## NON-PARTIES WTMS PROPERTIES, LTD., WT PROPERTIES, LTD., LGS INVESTMENTS, LTD., AND ALLIED MACHINERY ENGINEERING CORP.'S MOTION TO QUASH SUBPOENAS [DOC. # 31-34] AND MOTION FOR PROTECTIVE ORDER

Non-Parties, WTMS Properties, Ltd., WT Properties, Ltd., LGS Investments, Ltd., and Allied Machinery Engineering Corp., (hereinafter the "Companies"), request an order quashing the Records Subpoenas [Doc. # 31-34] pursuant to Fed.R.Civ.P. 45, applicable to the instant proceeding through Bankruptcy Rule 9016. The Companies otherwise request a Protective Order protecting the Companies from responding pursuant to Fed.R.Civ.P. 26, applicable through Bankruptcy Rule 9014 and Rule 7026.

For cause, the subpoenas are overly broad and oppressive; subject the Companies to undue burden; and require vast disclosure of confidential commercial and pecuniary

02254316-1 / 14570.00-0034

information. Additionally, the requested information would be difficult to gather as it is more than 15 years old, voluminous, and contain confidential personal information of other non-party owners. Further, the documents requested are in no way relevant to these proceedings: the debtor is not and never was an owner, or officer of the Companies, nor was she in the years in question, an employee of any of said companies. *See* Affidavit of Company Representative, Michael A. Stokey, attached as **Exhibit A**.

This is apparently an attempt by the Trustee to re-litigate the spousal support and property division of the debtor's divorce which was final in May, 2003. Interestingly, the debtor has been married and divorced since that date almost sixteen years ago. It is not clear why or how the Trustee believes he can either set aside or collaterally attack in a different forum a final order of nearly 16 years ago which was never appealed or set aside. See Order, attached as **Exhibit B**.

However, what is clear is that to the extent the Trustee wishes to attempt such an errand, the 15+ year old financial and ownership records sought from the 4 non-party, non-creditor companies are in no way necessary to accomplish this dubious mission. The Trustee has sought the personal financial records of non-party Michael Stokey (including tax returns) and requested a 2004 Examination of Mr. Stokey [Doc. #30]. Mr. Stokey has been in every way cooperative despite the inconvenience and burden this places on him, and has offered the information once a suitable order of protection is entered. The returns alone will include the necessary schedules and attachment which will demonstrate his ownership interests, profits and losses, and income over the years in question.

Pursuant to Local Rule 7026-1(a), undersigned counsel affixes a declaration setting forth his efforts to resolve this discovery matter in good faith with counsel for the Trustee. *See* Exhibit C.

A Memoranda of Law in Support of this Motion is attached.

Submitted by:

*/s/ Matthew P. Mullen*
Matthew P. Mullen (0063317)
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
405 Chauncey Avenue NW
New Philadelphia, Ohio 44663
330-364-3472 – Telephone
mmullen@kwgd.com
*Counsel for Third-Party, Michael A. Stokey;*
*Counsel for Third-Party Companies*

# MEMORANDA OF LAW

## I. INTRODUCTION

Pursuant to Fed.R.Civ.P 45(d)(3)(A) (applicable through Bankruptcy Rule 9016), a District Court where subpoena compliance is required *must* quash a subpoena that subjects a person to undue burden on timely motion. A Court *may* quash a subpoena to protect against disclosing confidential commercial information. Pursuant to Fed.R.Civ.P. 26(b)(1) (applicable through Bankruptcy Rules 9014 and 7026), a party can only obtain discovery that is relevant to a claim or defense and proportional to the needs of the case—considering specifically whether the burden or expense outweighs the likely benefit. Fed.R.Civ.P 26(c)(1) permits any person from whom discovery is sought the right to move for a protective order for good cause to protect that person from annoyance, embarrassment, oppression, or undue burden or expense.

Here, the Companies—non-parties to the underlying case—seek to quash the Subpoenas that would subject them to undue burden by sifting through financial records, reports and tax statements going back to 2000, and that would require disclosure of highly sensitive and confidential pecuniary records. The burden is especially undue given that the Debtor's only connection to the Companies is that her ex-ex husband is a part owner. The Debtor was never an owner, employee, officer or agent of the Companies. The Trustee's attempted investigation into the spousal support payments from Mr. Stokey to the Debtor should not involve the Companies and, in any event, were already approved by a Court of Common Pleas in Ohio. The Trustee nonetheless would have inquiry into his areas of investigation through Mr. Stokey's 2004 Examination—without requiring the Companies to respond to improper and intrusive subpoenas.

## II.  FACTUAL BACKGROUND

The Debtor and Non-Party Michael Stokey were divorced through a final decree entered back in 2003. *See* Exhibit B. Mr. Stokey agreed to pay spousal support for an extended period; however, the Domestic Relations Court, in reviewing and assessing the parties' proposal, approved the proposed terms. *See* Exhibit B. If the Debtor, Mr. Stokey, or another party with standing found the order to be unjust or entered in error, a movant could have sought to have the Order set aside, vacated, or appealed. None of those things happened. The Order was never challenged and the parties—the Debtor and Mr. Stokey—abided by the terms incorporated and approved by the trial court.  Thereafter, both the Debtor and Mr. Stokey remarried (though the Debtor became divorced from her subsequent husband).

Mr. Stokey since moved on with his life through the expansion and growth of various companies in which he is part owner—the Companies which are the movants of this Motion. As set forth above and through the testimony attached to this Motion, the Debtor never

worked for the Companies; never owned any part of the Companies; and was not an officer or agent of the Companies.

Now, 16 years after the Divorce Order, the Trustee is seeking to re-litigate, reinvestigate and reanalyze separation terms related to spousal payments that a Court already declared fair and reasonable. The Trustee has noticed Mr. Stokey for a 2004 Examination (which is not part of this Motion).

However, the Trustee also went too far by sending four Subpoenas the Companies in which Mr. Stokey is a part owner, seeking tax returns from 2000, 2001, 2002, 2003, and 2004; a complete copy of the financial statements, including, but not limited to balance sheets, profit and loss statements, and a statement of cash flow; and a complete copy of any and all bank account statements held or controlled by the Companies from May 23, 2003 to the present.

### III. LAW AND ANALYSIS

The Subpoenas at issue are a textbook illustration of those that exceed the scope of permissible discovery by seeking broad, voluminous documents from nearly the past two decades, subjecting the recipient to undue burden—documents that will reveal the investments, debts, profits, growth, and detailed financial condition of four non-party Companies and its owners to the Debtor and the Trustee (as well as the Companies' customers and competitors), though *nothing* about the Debtor herself and *nothing* about any fact or allegation that has any bearing on the subject matter of this case.

Fed.R.Civ.P 45(d)(3)(A) (applicable through Bankruptcy Rule 9016), mandates that a District Court quash a subpoena that subjects a person to undue burden on timely motion. The Rule also grants the Court discretionary power to quash a subpoena to protect against disclosing confidential commercial information.

In *In re SII Liquidation Co.*, No. 10-60702, 2015 WL 1365591, at *3 (Bankr. N.D. Ohio Mar. 20, 2015), this Court previously noted that, "[u]nder Rule 45(d), the party issuing the subpoena has a duty to mitigate the burden to the responding party. To determine whether the request is unduly burdensome, a court should 'consider[ ] whether 'the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, and the importance of the discovery in resolving the issues.'" *Id.*, quoting *Sheridan v. Kelly,* 2015 WL 1179928 (S.D.Ohio 2015) (citations omitted).

This Court has also ruled that a movant's "status as a non-party also impacts the burden analysis." *Id.*, citing *Hansen Beverage Co. v. Innovation Ventures, LLC,* 2009 WL 2351769 (E.D.Mich.2009) and *N.D. Right to Life, Inc. v. Leake,* 231 F.R.D. 49, 51 (D.D.C.2005)). This Court has further quashed subpoenas where it has found that the "subpoena exceeds the scope of permissible discovery" or "defines fishing expedition." *Id.*

The Subpoenas also serve to injure and harass—and independent grounds to prevent disclosure exist outside Fed.R.Civ.P. 45 under Fed.R.Civ.P. 26. Pursuant to Fed.R.Civ.P. 26(b)(1) (applicable through Bankruptcy Rules 9014 and 7026), a party can only obtain discovery that is relevant to a claim or defense and proportional to the needs of the case. Whether the burden or expense outweighs the likely benefit is a factor to be considered. Fed.R.Civ.P 26(c)(1) permits any person from whom discovery is sought the right to move for a protective order for good cause to protect that person from annoyance, embarrassment, oppression, or undue burden or expense.

Here, the steps the Companies would have to take to obtain the documents is incredibly involved, being that the Trustee wants the *Company to recreate monthly financial*

*statements of all banks associated with all four Companies from May 23, 2003 to present, as well as dig for historical profit and loss statements and tax documents from 2000*. The cost and time involved in recreating 16 years' worth of "any and all bank account statements" would be a tremendous toll of the Companies, especially this time of year.

Moreover, the Companies would expend significant resources in obtaining documentation that will have no bearing on the case. The Debtor has nothing to do with the Companies—and vice versa. That the Debtor's ex-ex husband was a part owner of the Companies while they were married is of no consequence. The Debtor was never an owner, and did not work for the Companies (nor was she an agent or officer, as set forth above). No document will be produced that will assist the Trustee because the documents, by the Trustee's very request, will detail the financial operations of the Companies for nearly the past two decades.

The Trustee may attempt to argue the documents could hypothetically shed light on whether or not spousal support payments made to the Debtor by Mr. Stokey were, in reality, *not* spousal support payments—they were property division payments. This is nonsensical for several reasons. First, how documents maintained by the Companies would illustrate the Trustee's wild hunch is a mystery. Additionally, and more importantly, Mr. Stokey's spousal support payment proposal was already scrutinized by a Court and approved by the Court's final decree. Exhibit B. The Trustee does not have carte blanche to assess the propriety of a County Domestic Relations Court's approval of the parties' marital division and ongoing support payments. It should also be noted that no party ever sought to vacate, set aside, modify, or appeal that order.

After the undue burden of obtaining the documents that have no bearing on this case, the documents would then be disclosed to the detriment of the Companies—the detailed monthly financial records would shed light on margins, profitability, and other pecuniary highly confidential variables. Customers would have the unfair advantage of negotiating future contractual concessions, while competitors would have the unfair opportunity to undercut prices. The Court should therefore enter an Order quashing the Subpoenas or otherwise preventing disclosure or compliance.

*/s/ Matthew P. Mullen*
Matthew P. Mullen (0063317) of
KRUGLIAK, WILKINS, GRIFFITHS
 & DOUGHERTY CO., L.P.A.
405 Chauncey Avenue NW
New Philadelphia, Ohio  44663
330-364-3472 – Telephone
mmullen@kwgd.com
*Counsel for Third-Party, Michael A. Stokey;*
*Counsel for Third-Party Companies*

# **CERTIFICATE OF SERVICE**

I certify that on 12th day of March, 2019, a true and correct copy of the foregoing Non-Parties WTMS Properties, Ltd., WT Properties, Ltd., LGS Investments, Ltd., and Allied Machinery Engineering Corp.'s Motion to Quash Subpoenas [DOC. # 31-34] and Motion For Protective Order was served:

Via the Courts Electronic Case Filing System on these entities and individuals who are listed on the Court's Electronic Mail Notice List:

- **John R. Bates**  batesfirmecf@gmail.com, batesfirmign@gmail.com;batesfirm@gmail.com;batesjr68837@notify.bestcase.com
- **Anthony J. DeGirolamo, Trustee - Canton**  ajdlaw@sbcglobal.net, amber_weaver@sbcglobal.net;ad@trustesolutions.com;AD07@trustesolutions.net
- **United States Trustee**  (Registered address)@usdoj.gov
- **Peter G. Tsarnas**  ptsarnas@dayketterer.com, tsarnasp@hotmail.com;dmichna@dayketterer.com

And via Ordinary U.S. Mail to:

**Elk & Elk Co., Ltd.**
6105 Parkland Blvd.
Mayfield Heights, OH 44124


                                          */s/ Matthew P. Mullen*
                                          Matthew P. Mullen (0063317) of
                                          KRUGLIAK, WILKINS, GRIFFITHS
                                            & DOUGHERTY CO., L.P.A.
                                          405 Chauncey Avenue NW
                                          New Philadelphia, Ohio 44663
                                          330-364-3472 – Telephone
                                          mmullen@kwgd.com
                                          *Counsel for Third-Party, Michael A. Stokey;*
                                          *Counsel for Third-Party Companies*