**The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically at the time and date indicated, which may be materially different from its entry on the record.**



**Russ Kendig
United States Bankruptcy Judge**

**Dated: 04:11 PM April 30, 2019**

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: | ) | CHAPTER 7 |
| | ) | |
| NATALIE LYNN CLARK, | ) | CASE NO. 16-61558 |
| | ) | |
| Debtor. | ) | JUDGE RUSS KENDIG |
| | ) | |
| | ) | **MEMORANDUM OF OPINION** |
| | ) | **(NOT FOR PUBLICATION)** |

On February 25, 2019, chapter 7 trustee Anthony J. DeGirolamo ("Trustee") issued subpoenas to nonparty witnesses Allied Machinery & Engineering Corp., LGS Investments, Ltd., and WTMS Properties, Ltd. ("Companies"). Companies moved to quash the subpoenas on March 12, 2019. The court held a hearing on April 8, 2019. Peter Tsarnas appeared and argued on behalf of Trustee, James Williams on behalf of Companies. The court took the matter under advisement.

The court has subject matter jurisdiction of this case under 28 U.S.C. § 1334 and the general order of reference entered by The United States District Court for the Northern District of Ohio on April 4, 2012. Gen. Order 2012-7. The court has authority to issue final orders in this matter. Pursuant to 11 U.S.C. § 1409, venue in this court is proper.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the court.

1

# BACKGROUND

Debtor filed a chapter 7 petition on July 29, 2016 and Anthony J. DeGirolamo was appointed as the chapter 7 trustee in the case.

Through the course of the 341 meeting and a subsequent Bankruptcy Rule 2004 examination of Debtor, Trustee learned that Debtor's marriage to Michael Stokey was dissolved in 2003. Trustee identified multiple remarkable facts surrounding the dissolution that caused him to delve deeper into the termination of the marriage. Some of his noted concerns are (1) the case was filed in a neighboring county, not the county of residence of the parties; (2) debtor continues to receive, as her sole source of income, payments from Mr. Stokey to this day, in spite of a subsequent marriage and divorce, (3) Debtor lives rent-free in a house purchased by Mr. Stokey; (4) she drives a car and makes payments to Mr. Stokey's current wife; (5) there were side agreements and additional payments to Debtor as part of the proceedings that were not disclosed; (6) affidavits regarding income and expenses required by local rule to be filed in the case were never filed; (7) Debtor knows little about her ex-husband's ownership and assets at the time of the dissolution; (8) Debtor was not represented by counsel, and (9) Debtor may have been incapacitated at the time of the dissolution.

According to Trustee's response to the motion to quash, he simply does not know what Mr. Stokey owned at the time of the dissolution. Part of what he does not know is how much of an interest Mr. Stokey held in Companies in 2003 and the value of those interests.

Trustee moved for a 2004 examination of Mr. Stokey and issued a subpoena. He requested certain tax returns, financial statements and bank accounts statements for Companies from Mr. Stokey. In response, Mr. Stokey's counsel advised

> Finally, your request seeks financial records of entities that Mr. Stokey is or may have been an owner in (see Request 6, 7, 8, 9 and 10), but you have not served the entity's records custodian. I would request that you do that if you wish to obtain these documents so that the various entities can avail themselves of the rights as persons subject to a subpoena.

(Trustee's Sur-reply to M. Quash, ECF No. 45-2) Trustee issued subpoenas to Companies on February 25, 2019.

Companies filed a motion to quash the subpoenas, or alternatively, for a protective order, on March 12, 2019. They allege that the request is overly broad, oppressive, creates an undue burden, and requires disclosure of confidential information. They also argue the information is old, voluminous and contains the personal information of other owners. They challenge the relevance of the request, stating that Debtor was never an employee, owner or officer during the years in question. Companies also argue that Trustee is attempting to relitigate a valid domestic relations judgment without any attempt to overturn it and contend that any attempt to do so

sixteen years later would be formidable.

Trustee responded to the motion to quash, Companies replied, and Trustee filed a sur-reply. The court held a hearing on April 8, 2019.

## DISCUSSION

The scope of discovery is "traditionally quite broad." Lewis v. ACB Bus. Serv., Inc., 135 F.3d 389, 402 (6th Cir. 1998) (citation omitted).

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any non-privileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Bankr.Pro. 7026 (adopting Fed.R.Civ.Pro 26(b)(1)). The court must balance the need for discovery against the prevention of "fishing expeditions." Hopp v. Arthur J. Gallagher & Co., 2019 WL 109368, *1 (N.D. Ohio 2019) (citations omitted). Part of the court's consideration is the burden on the party ordered to produce, and "the status of that person as a non-party is a factor." New Prod. Corp. v. Dickinson Wright, PLLC (In re Modern Plastics Corp.), 890 F.3d 244, 251 (6th Cir. 2018) (citations omitted).

To be discoverable, the first requirement is that information be relevant to a party's claim or defense. The requesting party bears the burden of proof on relevance. In re Haynes, 577 B.R. 711, 726 (Bankr. E.D. Tenn. 2017) (citations omitted). Trustee's "claim" in this instance is the potential recovery of assets for the estate. The requests in the subpoena seek to determine the value of Mr. Stokey's business interests at the time of the parties' dissolution. Trustee is concerned that Debtor did not receive the full value of her marital interests in the divorce. Trustee went to the domestic relations case to obtain the information and Companies do not dispute that the affidavits are not available in the case record, leaving Trustee without access to basic information. He requested the information from Mr. Stokey, who requested issuance of subpoenas to Companies.

Trustee requests three categories of information from Companies: tax returns for the three years before the parties' divorce, the return for the year of the dissolution, and the following year; financial statements as of May 23, 2003, the date of the dissolution decree; and bank account statements held by each entity as of the dissolution. This information is tailored to disclose information related to the value of the Companies at the time of the dissolution,

3

providing a foundation to understand the value of Mr. Stokey's interests and whether the division of assets was fair.

The thrust of Companies' argument is that Trustee is on a "fishing expedition" because there is a valid, almost sixteen year old domestic relations court order dividing the marital assets, creating a hurdle to any action to recover additional property for the bankruptcy estate. In response, Trustee proclaims that Debtor may have been incapacitated at the time of the divorce, leaving an opening to set aside the settlement agreement. The court acknowledges the "ifs, ands and buts" in Trustee's position. The question for the court is when these qualifiers make Trustee's search untenable and irrelevant, and the answer is "not yet."

Trustee has presented multiple facts that support further examination of the separation agreement, even after all these years. While any individual fact may not be sufficient standing alone, the sum total creates the need for trustee to be attentive to his duties to the estate and creditors under 11 U.S.C. § 704. The exact amount that may be at stake is not known. What is known is that Debtor scheduled approximately $83,000 in unsecured and priority debt. Any amount recovered could benefit these creditors. It is not unreasonable or irrelevant for Trustee to consider the separation agreement, even at this point in time.

The information requested is proportional to the needs of the case. Trustee could obtain this discovery and end his inquiry in its entirety if he determines the division was fair. The discovery could reveal that the division was sufficiently fair to render further action impracticable. It could convince him that further action is in the best interest of the estate. But in order to determine whether there are assets on the table, Trustee has to know what assets existed at the time of the divorce. Consequently, the court finds that Trustee met his burden of demonstrating the relevance of his requests.

The burden now shifts to Companies to demonstrate the request is burdensome or seeks information that is nondiscoverable. Id. Companies filed the present motion to quash under Federal Bankruptcy Rule 9016, which adopts Federal Civil Rule 45 into bankruptcy practice. Under Rule 45(d)(3), a court may quash or modify a subpoena for several reasons, including when it "(iii) requires disclosure of privileged or other protected matter . . . or (iv) subjects a person to undue burden."

Companies have identified no specific information that is privileged or protected, leaving the court unable to fully assess this argument. They reference confidential commercial and personal information. Trustee agreed to entry of a protective order "to restrict disclosure of any sensitive information." (Response, ECF No. 39) The court therefore will grant Companies' request for a protective order to the extent confidential information is subject to disclosure.

Turning to the undue burden argument, the court concludes the requests are not unduly burdensome. Companies allude to the request covering periods from 2000 to the present, but this is simply inaccurate. As stated above, only the tax return request covers multiple years in proximity to the dissolution. The other requests are for a single, definitive time period.

4

Companies also suggest that Trustee wants information to be created, which the court also rejects. Trustee requests business documents routinely created and/or maintained by business entities: tax returns, financial statements, and bank account statements. He is not seeking creation of documents.

Similarly, Companies protest on the basis that Debtor was not an employee, director, or officer of Companies. This ignores the reason Trustee seeks the information, to value Mr. Stokey's interests in Companies. Regardless of whether Debtor was an employee, director, officer or agent, Mr. Stokey's interests may have constituted marital assets.

The court finds Companies failed to carry their burden in demonstrating the information sought is not relevant, production is unduly burdensome, or the request requires disclosure of privileged or other protected matter. The court will deny the motion to quash and grant the requested alternative relief of a protective order.

An order will be issued immediately.

# # #

**Service List:**

Matthew P. Mullen
Krugliak, Wilkins, Griffiths & Dougherty Co., L.P.A.
405 Chauncey Ave., N.W.
New Philadelphia, OH  44663

Peter G. Tsarnas
Day Ketterer, Ltd.
11 South Forge Street
Akron, OH 44304

Anthony J. DeGirolamo
3930 Fulton Drive NW, Suite 100B
Canton, OH 44718